# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN FORD, | : | Civil No. 1:25-CV-00994 |
| Petitioner, | : | |
| v. | : | |
| BRAD SHOEMAKER, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a petition filed pursuant to 28 U.S.C. § 2241 by Sean Ford ("Petitioner"), a pretrial detainee currently incarcerated at Lycoming County Jail while awaiting the disposition of several criminal charges. (Doc. 1.) Petitioner has also filed a motion to proceed *in forma pauperis*. (Doc. 4.) For the reasons stated below, the court will grant Petitioner's motion to proceed *in forma pauperis*, dismiss the petition without prejudice, decline to issue a certificate of appealability, and direct the Clerk of Court to close the case.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner initiated this action by filing a Section 2241 petition, which was received and docketed by the court on June 3, 2025. (Doc. 1.) According to this petition, Petitioner is the Defendant in three separate criminal proceedings for multiple counts, including driving under the influence, attempting to elude officers, recklessly endangering another person, and possession of controlled substances:

1

*Commonwealth v. Ford*, No. CP-41-CR-0000104-2025 (Lycoming Cnty. Ct. Com. Pls.), *Commonwealth v. Ford*, CP-41-CR-0001747-2024 (Lycoming Cnty. Ct. Com. Pls.), and *Commonwealth v. Ford*, CP-41-CR-0001134-2024 (Lycoming Cnty. Ct. Com. Pls.). (Doc. 1, p. 1.)[1] Petitioner alleges that there is a conflict of interest with the public defender's office currently representing him, that Tyson Havens and Sara Edkins tampered with evidence, that there are violations of his procedural and substantive due process rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments because the judge who is assigned to the case and who approved search warrants is under investigation, and the existence of a "[p]rosecutor scheme of conflict of interest using confidential informants caused me to lose rights or was unfairly prejudiced at my preliminary hearing." (*Id.*, pp. 6–7.) Petitioner alleges that he has filed a private criminal complaint with Lycoming County District Attorney's Office raising all these issues (*Id.*, pp. 5, 7.)

The court docketed the petition under 28 U.S.C. § 2254 because it concerns a case in state court.[2] The court issued an administrative order requiring Petitioner to pay the filing fee or file a motion to proceed *in forma pauperis*. (Doc. 3.) On June 12, 2025, the court received and docketed a motion to proceed *in forma*

---

[1] For ease of reference, the court use the page numbers from the CM/ECF header.

[2] Because this was docketed as a Section 2254 petition, the court entered an administration order with notice of limitations on filings of futures Petitions under 28 U.S.C. § 2254. (Doc. 7.) This was unnecessary, as Petitioner correctly filed this as a Section 2241 petition. Regardless, Petitioner elected to have his petition considered by the court. (Doc. 8.)

*pauperis*. (Doc. 4.) He also filed a certified prisoner trust fund account statement. (Doc. 6.)

The court will grant the motion to proceed *in forma pauperis* and screen the petition pursuant to Rule 4.

## VENUE

A § 2241petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner is housed at Lycoming County Jail, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, this court is the proper venue for the action.

## DISCUSSION

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2241 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini,* 424 F.2d 134, 141

(6th Cir. 1970). Here, the court declines to exercise jurisdiction. Therefore, the court will dismiss the petition.

Because Petitioner is a pretrial detainee, the matter is appropriately considered a petition pursuant to 28 U.S.C. § 2241. *See Glazewski v. United States*, No. 16-CV-3052, 2017 WL 2899686, at *1 (D.N.J. July 6, 2017) (collecting cases). Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x. 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted).

Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal

proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principle of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). However, even if these requirements are met, *Younger* abstention is not appropriate if the federal petitioner can establish that "(1) the state court proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstance exists. . . ." *Id*. at 670 n.4.

It is evident from the state court electronic docket sheets and the contents of the habeas petition that Petitioner is engaged in ongoing criminal proceedings which implicate important state interests. At present, it appears that a guilty plea hearing that was scheduled in all three criminal cases has been canceled. Potential conflicts of interest concerning defense counsel, due process claims, alleged tampering of evidence, and alleged prosecutorial misconduct can all be addressed in the state court in the course of Petitioner's criminal cases.

Petitioner has not raised the exceptions to abstention, including bad faith or extraordinary circumstance. The petition may imply bad faith since it alleges a conflict of interest on the part of the appointed attorney, an ongoing investigation into the judicial officer assigned to the cases, and a prosecutorial practice concerning conflicts of interest. (Doc. 1.) However, there are no allegations that the charges Petitioner were filed in bad faith or to harass Petitioner. Furthermore, in reviewing the docket sheets, it is apparent that there is a pending motion to withdraw filed by Petitioner's current counsel in the actions. This demonstrates the state court's ability to address the issues raised in the petition.

Accordingly, the § 2241 petition will be dismissed without prejudice to allow Petitioner to pursue state court remedies.

### CERTIFICATE OF APPEALABILITY

Because Petitioner is a state pretrial detainee, the court presumes that he requires a certificate of appealability ("COA") should he decide to appeal from this decision. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that unless a circuit justice or judge issues a COA, a petitioner may not appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"); *Reese v. Pennsylvania*, No. 19-cv-775, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (concluding that COA requirement applies to Section 2241 petitions filed by state pretrial detainees); *see also Harris v. Pike*

*Cnty. Corr. Facility*, No. 20-cv-962, 2021 WL 880477, at *3 (M.D. Pa. Mar. 9, 2021) (declining to issue COA as part of dismissal of state pretrial detainee's Section 2241 petition).

A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, considering the court has declined to exercise jurisdiction, it finds that jurists of reason would not find the disposition of this case debatable. No COA will be issued.

## Conclusion

For the above stated reasons, the court declines to exercise jurisdiction and will dismiss the petition without prejudice.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: July 16, 2025